# Bridget T. Gray *v.* The Pennsylvania Railroad Company, Appellant.

*Negligence—Grade crossings—Stop, look and listen—Contributory negligence.*

The rule that a traveler about to cross a railroad track must stop, look and listen, is an absolute and unbending rule of law founded in public policy for the protection of passengers in railroad trains, as much as of travelers on the common highways ; and the traveler must stop and look where he can see, and he will not be allowed to say that he did so, when the circumstances make it plain that the proper exercise of his senses must have shown him the danger.

*Contributory negligence—Questions for jury.*

Where the facts are uncontested, or the inference of negligence the only one that can be drawn, the court must pronounce the result as a matter of law, but where the facts are in dispute, or the inference from them open to debate, they must go to the jury.

In an action to recover damages for the death of plaintiff's husband, the case is for the jury, where it appears that the deceased approached a public crossing intending to cross the tracks; that he came to a side track on which stood two freight cars; that on the main track stood a coal train about to move; that he stopped on the side track at the end of the freight cars, and looked so far as he could until the freight train in front of him moved out; that immediately when the last car of the freight train had passed he stepped out on the main track, and was struck and killed by a locomotive which was following the coal train about sixty feet behind; and that the evidence as to whether the locomotive made a signal was conflicting.

In such a case whether ordinary care demanded that the deceased wait longer behind the freight car, or that he should step out on the space between the rails and look up the main track before stepping on it, were questions for the jury to answer and not for the court.

Argued Oct. 17, 1895. Appeal, No. 228, Oct. T., 1895, by defendant, from judgment of C. P. Cambria Co., March T., 1894, No. 641, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff''s husband. Before BELL, P. J.

The facts appear by the opinion of the Supreme Court.

The court submitted the case to the jury reserving the question whether the undisputed evidence in the case showed contributory negligence on the part of the deceased.

Verdict for plaintiff for $5,000. The court subsequently entered judgment in favor of plaintiff on the reserved question. Defendant appealed.

*Error assigned* among others was entry of judgment.

*Alvin Evans, H. W. Storey* with him, for appellant.—Deceased was guilty of contributory negligence : North Pa. R. R. v. Heileman, 49 Pa. 60; Ely v. Ry., 158 Pa. 236; R. R. Co. v. Feller, 84 Pa. 226; Carroll v. R. R., 12 W. N. C. 348; Marland v. R. R., 123 Pa. 487; Sheehan v. R. R., 166 Pa. 354; Greenwood v. R. R., 124 Pa. 572; Aiken v. Pa. R. R., 130 Pa. 380; Kraus v. Pa. R. R., 139 Pa. 272; Moore v. The Phila. W. & B. R. R., 108 Pa. 349; Blight v. R. R., 143 Pa. 10; Derk v. R. R., 164 Pa. 243; Myers v. B. & O. R. R., 150 Pa. 386; Ehrisman v.

Harrisburg Ry., 150 Pa. 180; Smith v. R. R., 160 Pa. 117; Penn. R. R. v. Mooney, 126 Pa. 244; Weiss v. Penna. R. R., 79 Pa. 390; Williamsport & North Branch R. R. v. Weiss, 2 Walker, 217.

*W. Horace Rose, M. D. Kittell* with him, for appellee.—The conduct of the deceased was free from contributory negligence: Pa. R. R. v. Weber, 76 Pa. 157; Ely v. Ry., 158 Pa. 233; Wharton on Negligence, sec. 388.

OPINION BY MR. JUSTICE DEAN, January 6, 1896:

The defendant's road crosses at right angles a street, Fourth avenue in the borough of Hastings, Cambria county; across the street are two tracks, one the main track, the other a siding; on the west side of the street is the company's freight warehouse, with the side track close enough to load and unload cars from the platform; the roadway crossing of the railway tracks with the line of the street is by the usual plank between the rails; on the east side of the road crossing is a footwalk. On the 9th of May, 1893, two freight cars stood on the siding at the street crossing, not entirely obstructing the street, but extending from the plank crossing to the east side; on the main track stood a train of coal cars with a locomotive attached ready to move. This was the situation on the afternoon of the day in question, when Caleb A. Gray, who operated a flour mill on the north side of the borough, and Andrew Young walked down the road back of the freight warehouse, with the intention of crossing the tracks on the street to the south side of the town. On reaching the crossing partially obstructed by the two freight cars, they stopped at the end of one of them, and waited until the coal train which was now moving on the main track had cleared the crossing, when they attempted to cross to the south side of the tracks; an engine was backing down the main track, following the coal train; Young cleared the crossing, but Gray was struck when just between the rails of the main track, and killed. There was evidence tending to show that the engine gave no warning of its approach, and that the two freight cars and warehouse obstructed any view of it until the foot traveler was on the main track. This plaintiff, widow of the deceased, brought suit for damages, alleging neg-

ligence of defendant in not giving warning of the approach of
the engine to the crossing.   The defendant denied negligence
as alleged, and averred contributory negligence on part of de-
ceased in attempting to cross when the engine could have been
seen if he had looked west on the track before crossing.   The
court submitted the evidence bearing on both questions to the
jury, who found a verdict for plaintiff in sum of $5,000, and
afterwards judgment being entered on the verdict, defendant
appeals, assigning six errors which may be resolved into one, to
wit, that the court should have peremptorily instructed the jury,
deceased was guilty of contributory negligence, and therefore
could not recover.

This case is on the border line of those, in which the respec-
tive functions of the court and jury are not altogether clear ;
in many, it is plain the question of contributory negligence is
for the jury ; in many others, the contributory negligence of
the injured person is so manifest that there is nothing for the
jury to pass upon ; then, in by far the smaller number, it is some-
what difficult to determine on which side of the line the case
falls.   The law, as gathered from our numerous cases on the
subject, is so concisely stated by our Brother MITCHELL in the
very late case of Ely v. Railway, 158 Pa. 236, that we repeat
it :—" The cases beginning with Railroad v. Heileman, 49 Pa.
60, and Railroad v. Beale, 73 Pa. 504, have established not only
the rule that the traveler about to cross a railroad track must
stop, look and listen, as an absolute and unbending rule of law
founded in public policy for the protection of passengers in
railroad trains, as much as of travelers on the common high-
ways, but also that such stopping, looking and listening must
not be merely nominal or perfunctory, but substantial, careful
and adapted in good faith for the accomplishment of the end in
view.   Hence the necessary corollaries of the rule . . . . that
the traveler must stop and look where he can see, and he will
not be allowed to say that he did so, when the circumstances
make it plain that the proper exercise of his senses must have
shown him the danger.

" These principles are settled beyond question, but the appli-
cation of them to the infinite variety of circumstances and evi-
dence in accident cases is not always easy.   All that this court
can do is to lay down the general rules, and to say that where

the facts are uncontested, or the inference of negligence the only one that can be drawn, the court must pronounce the result as matter of law, but where the facts are in dispute, or the inference from them open to debate, they must go to the jury. This is the result of all the cases . . . . This rule applies to persons walking equally as to persons driving."

To the same effect is a still later case heard at Pittsburg, opinion by our Brother WILLIAMS, Davidson v. Lake Shore & M. S. Ry. Co., 171 Pa. 522. In this case the distinction between cases which must go to the jury and those which should not is stated as clearly as it is possible to state it.

Apply these principles to the evidence tending to establish plaintiff's side of the issue in the case before us. The deceased and his companion, Young, approached the crossing, intending to cross the tracks, as they had the right to do; they came to the side track, on which stood the two freight cars; on the main track stood the coal train, about to move; they stopped on the side track at the end of the freight cars until the freight train in front of them moved out; unquestionably they did stop, and so far as they could look in front of them, did look, for they waited until the coal train moved out. The presumption is, they listened; immediately when the last car of the coal train had passed, they stepped out on the main track; Young barely cleared the locomotive, which was following the train about sixty feet behind, and Gray was struck and killed. The deceased did stop, because of the coal train, which he saw; he did not stop for the locomotive, which he could not see; there was evidence tending to establish the fact that the locomotive gave no warning. The exact width of space between the main and side tracks is not given, but from all the evidence the inference is, they were only sufficiently distant from each other to allow for safe passage of trains; that there was room for safe observation by a foot traveler outside the projection of the freight car over the side track, and that of a coming locomotive over the main track, does not appear; whether, under the circumstances, it was the duty of deceased to peep around the end of the freight car and look before venturing across the track, the court could not say as matter of law, for that manner of looking may have been attended with danger; this, however, appears clear, that less than two ordinary steps of a man from safety behind

the box car, put him in front of death from a locomotive following sixty feet in the rear of the coal train.

While the evidence was to some extent conflicting,—perhaps the weight of it showing warning was given by the locomotive engineer,—still it seems to us, on the whole evidence the case was one for the jury, and from the evidence they might find that the deceased stopped, looked so far as his vision was not obstructed by the standing cars, listened for warning but heard none, because none was given. Whether ordinary care demanded that he wait longer behind the freight car or that he step out on the space between the rails and look up the main track before stepping on it, were questions for the jury to answer and not the court. They were submitted with most careful instructions as to the law, and in this there was no error.

The judgment is affirmed.