## Newton *v.* Pittsburg & Lake Erie Railroad Company, Appellant.

*Negligence—Railroads—" Stop, look and listen."*

While it may be the duty of a person crossing a large number of railroad tracks to " stop, look and listen," more than once in making the crossing, if it is not clear that the place where the person stopped was not the best place, or that there was any safe place for a second or better view, the case must go to the jury.

The court cannot say as a matter of law that a person in driving over several tracks of a railroad company is obliged to go upon one of the tracks where a locomotive and cars are standing at a short distance away, and at that point (being that at which the view is least obstructed), to " stop, look and listen."

Where there is a doubt as to the proper point where one crossing a railroad should " stop, look and listen," or whether there is a second place, the case is for the jury, and not for the court.

Where a person starts to drive a team over eleven railroad tracks at a grade crossing, it cannot be said as a matter of law that he is guilty of negligence in not descending from the vehicle and leading his horses across the tracks, especially where there is at least one point at which he could " stop, look and listen " in reasonable safety without being actually upon any one track.

Argued May 17, 1901.    Appeal, No. 122, April T., 1901, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1897, No. 33, on verdict for plaintiff, in case of Thomas J. Newton v. Pittsburg & Lake Erie Railroad Company.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for injury to plaintiff's horse and wagon.    Before WALLACE, P. J.

The facts are fully stated in the opinion of the Superior Court.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $245.33.    Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*D. B. Kurtz*, with him *L. T. Kurtz*, for appellant.—Failure on the part of a traveler crossing a railroad track at grade to "stop, look and listen," is not merely evidence of negligence but negligence per se, and a question for the court: Reading & Col. R. R. Co. v. Ritchie et al., 102 Pa. 425; Cent. R. R. Co. of New Jersey v. Feller, 84 Pa. 226; North Penn. R. R. Co. v. Heileman, 49 Pa. 60; Butler v. Gettysburg, etc., R. R. Co., 126 Pa. 160; Aiken v. Penna. R. R. Co., 130 Pa. 380; Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Penna. R. R. Co. v. Beale, 73 Pa. 504; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Myers v. B. & O. R. R. Co., 150 Pa. 386; Omslaer v. Pitts. & Birm. Traction Co., 168 Pa. 519; Gray v. Penna. R. R. Co., 172 Pa. 383; Ritzman v. Phila. & Read. R. R. Co., 187 Pa. 337.

*Robert K. Aiken*, for appellee.—The case was for the jury: Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297; Moore v. P. W. & B. R. R. Co., 108 Pa. 349; Davidson v. Lake Shore, etc., Ry. Co., 179 Pa. 227; McNeal v. P. & W. Ry. Co., 131 Pa. 184; Ellis v. Lake Shore, etc., Railway Co., 138 Pa. 506; Whitman v. Penna. R. R. Co., 156 Pa. 175; Smith v. B. & O. R. R. Co., 158 Pa. 82; Link v. Philadelphia & Reading R. R. Co., 165 Pa. 75; Keppleman v. Phila. & Reading Railway Co., 190 Pa. 333; Cookson v. Pittsburg, etc., Ry. Co., 179 Pa. 184; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233; Pennsylvania R. R. Co. v. Beale, 73 Pa. 504.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

The plaintiff's team, consisting of two horses and an open wagon, was, on September 4, 1895, in charge of the plaintiff's brother, who was standing on the front of the wagon driving northward on Sixth street, in the borough of Ellwood, toward a grade crossing over the tracks of the Beaver and Ellwood and Ellwood Short Line Railroads. There were in all eleven tracks. Some of these were main tracks and some sidings. Upon them were run not only cars propelled by steam but also cars run by electricity. The driver of the wagon was familiar with the locality. On the afternoon of the day above mentioned, he drove his team across two tracks which were sidings and somewhat apart from the main body of tracks, and went forward to a third track,

which was a siding running into a car barn or shed. At this point he stopped. On the next or fourth track a locomotive and a few cars were slowly passing westward. When the locomotive had gotten a short distance away and had come practically to rest, the driver of the wagon listened and looked in both directions and then proceeded to make the crossing of the remaining tracks. He got over the third track or siding. He passed over the fourth track upon which the locomotive was resting but a short distance to the west, thence, upon the fifth and main line track where the wagon was struck by an electric car. The collision took place about thirty feet from the point where the driver of the wagon stopped, looked and listened. It was shown that at the point where he stopped he could see but a short distance along the track upon which the electric car was approaching. His vision was obstructed by sheds and by the cars and locomotive which had passed. Had the driver gone further and placed himself upon the track upon which the locomotive stood, he would have had a more extended vision of all of the tracks, and if he had stopped and looked there, or stopped with his horses' heads at the track upon which the electric car came, he would have had a still more extended vision.

The proposition of the appellant is practically this, that the driver was obliged to go upon the track of the railroad company, upon which a locomotive and some cars were standing at a short distance, and at that point, (being that at which his view was least obstructed), to stop, look and listen, and that the court as matter of law should have said his failure to do so was negligence. We cannot affirm such a proposition. The rule to " stop, look and listen," was observed by the driver. He stood up in his wagon in order to have the better opportunity to see and hear. It is true, that it may be the duty of a person crossing a large number of railroad tracks, to "stop, look and listen " more than once in making the crossing, but if it is not clear that the place where the plaintiff stopped was not the best place, or that there was any safe place for a second or better view, the case must go to the jury: Lake Shore & Ry. Co. v. Frantz, 127 Pa. 297. See many cases therein cited. If the driver had gone further and stopped upon the tracks of the railroad where he could have had a better view of the remaining tracks, and while in that position had been struck, there would

be authority for holding that he was thereby guilty of contributory negligence per se: Moore v. P. W. & B. R. R. Co., 108 Pa. 349. If we concede that there was a doubt as to the proper place for the driver to have stopped, we are still compelled to confirm the action of the court below, since where there is a doubt as to the proper point where one crossing a railroad should "stop, look and listen," and whether there is a second place at which he should stop, are questions of fact for the jury, and not matters of law for the court: Muchinhaupt v. Erie R. R. Co., 196 Pa. 216; Elston v. Delaware, Lackawanna, etc., R. R. Co., 196 Pa. 595; Cookson v. Pittsburg & Western Ry. Co., 179 Pa. 184; Gray v. Penna. R. R. Co., 172 Pa. 383. In any view of the case, therefore, it seems to us that the court would have committed error in holding the plaintiff guilty of contributory negligence as matter of law.

The appellant further contends that it was the duty of the driver of the wagon to descend from the vehicle and to lead his horses across the many tracks, and having failed to do so, he was guilty of contributory negligence. Upon the facts disclosed in this case, we are of opinion that the learned judge was not authorized to so hold. The driver had a view of the track for a short distance at least, at the one point at which he could "stop, look and listen" in reasonable safety without being upon the tracks of the railroads. To have driven upon the tracks, or to have started to cross the tracks leading a team of draft horses might or might not have been the part of wisdom. It is a practical question upon which there might be great divergence of view. We are of opinion that it was entitled to no more indorsement by the court than its submission to the jury involved: Penna. R. R. Co. v. Ackerman, 74 Pa. 265; Ellis v. Lake Shore, etc., R. R., 138 Pa. 506.

The judgment is affirmed.