## Wolfe v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Contributory negligence—" Stop, look and listen."*

·A person driving a wagon over a grade crossing cannot as matter of law be convicted of contributory negligence, if it appears that he stopped, looked and listened, and permitted a freight train to pass the crossing a distance of 240 feet, and then drove upon the tracks, and was struck on the second track by a passenger train coming from a direction opposite to that of the freight train, at a very high rate of speed, without sounding a whistle, or ringing a bell. Under such circumstances the question is for the jury.

Argued Oct. 29, 1902.   Appeal, No. 196, Oct. T., 1902, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1900, on verdict for plaintiff in case of Joseph Wolfe and Sarah Wolfe v. Pennsylvania Railroad Company.   Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for death· of plaintiff's son.   Before WALTER, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $864.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.   ·

J. C. *Bucher*, with him J. *Simpson Kline*, for appellant, cited: Blight v. Camden, etc., R. R. Co., 143 Pa. 10;  Lees v. Phila.

& Reading R. R. Co., 154 Pa. 46; Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Moore v. Phila., etc., R. R. Co., 108 Pa. 349; Warner v. People's St. Ry. Co., 141 Pa. 615; Kraus v. Penna. R. R. Co., 139 Pa. 272; Beynon v. Penna. R. R. Co., 168 Pa. 642; Hughes v. President, etc., of D. & H. Canal Co., 176 Pa. 254; Hovenden v. Penna. R. R. Co., 180 Pa. 244; Baker v. Penna. R. R. Co., 182 Pa. 336; P. & R. R. R. Co. v. Carr, 99 505.

*William H. Hackenburg* and *James Scarlet*, with him *R. M. Cummings*, for appellees, cited: Gray v. Penna. R. R. Co., 172 Pa. 383; Holden v. Penna. R. R. Co., 169 Pa. 1; Philpott v. Penna. R. R. Co., 175 Pa. 570; Beynon v. Penna. R. R. Co., 168 Pa. 642; Hughes v. Delaware & Hudson Canal Co., 176 Pa. 254; Hovenden v. Penna. R. R. Co., 180 Pa. 244.

OPINION BY BEAVER, J., March 12, 1903:

The plaintiffs recovered judgment in the court below for the death of their son who, with three other persons, in an open canopy top wagon, drawn by one horse, approached the defendant's tracks at a grade crossing and were stopped by the whistle of an approaching freight train going east. After the train had passed and had proceeded eastward for a distance variously estimated at from 130 to 240 feet, the horse was driven forward across the track upon which the freight train had passed and, when upon the west-bound track, the vehicle was struck by a passenger express train going westward and three of the occupants killed, the fourth saving his life by jumping from the wagon.

The defendant was charged with negligence in that no whistle was sounded, no bell was rung, and that the train was run at an excessive rate of speed. The jury has found the defendant guilty of negligence upon a charge, the fairness of which is not questioned. The defendant claims, however, that the son of the plaintiffs who drove the wagon and all who were with him therein were guilty of contributory negligence and that the court was bound to say so to the jury as a matter of law. If the question of contributory negligence was for the jury, the defendant admits that it was fairly submitted, so that we have the simple question, was the court bound to say to the jury as

a matter of law that the plaintiffs' son was guilty of contributory negligence?

That the horse was stopped at the crossing and that the occupants of the wagon looked and listened does not admit of much question. The circumstances, which are practically undisputed, determined those facts and whatever of dispute there may have been in regard to them, the finding of the jury settles them. The contention of the defendant seems to be that the driver of the horse did not wait a suffcient time after the passage of the freight train to determine whether or not it was safe to cross the tracks. In other words, that he failed to exercise ordinary prudence in risking the crossing.

Under the evidence, the jury were justified in finding that the freight train had proceeded 240 feet, if not more, eastward, before the attempt at crossing was made. If the effort to cross had been made immediately after the freight train had passed, before the west-bound track could have been seen, and the wagon had been struck immediately by an approaching passenger train, the case would have been entirely different. The vision of the second track would, under those circumstances, have been entirely shut out ; but, when the freight train passed the distance of the width of the rear car, the second track became visible and the area of vision increased with every foot which it receded ; so that, when it had passed on its eastward journey to the extent of 130 to 240 feet, not only was the west-bound track visible to that extent, but it was visible for a greater distance, because the vision would naturally carry beyond the corner of the rear car nearest the west-bound track. Just how far up the track the occupants of the wagon could see does not seem to be clearly determined by the evidence.

A whistling post for this crossing was situated about 1,300 feet east of it. If the whistle had blown, the occupants of the wagon would have been warned ; or, if the bell had been rung, they would have been warned ; or, if the speed of the passenger train had not been greater than was usual—say forty to forty-five miles per hour—it is probable that the persons in the wagon might have safely crossed the second track. Can we say, under these circumstances, that the court below should have taken the case from the jury on the ground of the contributory negligence of the plaintiffs' son? We think not.

Putting one's self in the place of a juror and viewing the facts as they were presented most favorably for the plaintiffs, it is difficult to say, as matter of fact, that the driver was negligent, much less can we say, as matter of law, and charge the court below with error for not saying, that the driver was guilty of contributory negligence.

The case most nearly approaching the one under consideration is Gray v. Penna. R. R. Co., 172 Pa. 383, the difference, so far as the situation of the parties is concerned, being that in that case the deceased was a pedestrian and in this case was riding in a vehicle. The evidence of contributory negligence in that case, however, was much stronger than in this. In that case Mr. Justice DEAN, who wrote the opinion, summing up the cases which are therein cited, adopting the language of Mr. Justice MITCHELL in Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233, said : " The cases beginning with North Penna. R. R. Co. v. Heileman, 49 Pa. 60, and Penna. R. R. Co. v. Beale, 73 Pa. 504, have established not only the rule that the traveler about to cross a railroad track must stop, look and listen, as an absolute and unbending rule of law founded in public policy for the protection of passengers in railroad trains, as much as of travelers on the common highways, but also that such stopping, looking and listening must not be merely nominal or perfunctory but substantial, careful and adapted in good faith for the accomplishment of the end in view; hence the necessary corollaries of the rule . . . . 'that the traveler must stop and look where he can see, and he will not be allowed to say that he did so, when the circumstances make it plain that the proper exercise of his senses must have shown him the danger.

" These principles are settled beyond question, but the application of them to the infinite variety of circumstances and evidence in accident cases is not always easy. All that this court can do is to lay down the general rules and to say that where the facts are uncontested or the inference of negligence the only one that can be drawn, the court must pronounce the result as matter of law, but where the facts are in dispute or the inference from them open to debate, they must go to the jury."

The facts in the latter case are striking and peculiar. They are recited somewhat fully and, in order to see the application

of the case to the one in hand, it is necessary to quote them at length, as summarized in the opinion of Mr. Justice DEAN. He says : " The deceased and his companion, Young, approached the crossing, intending to cross the tracks, as they had the right to do ; they came to the side track on which stood the two freight cars ; on the main track stood the coal train about to move ; they stopped on the side track at the end of the freight cars until the freight train in front of them moved out ; unquestionably they did stop and, so far as they could look in front of them, did look, for they waited until the coal train moved out. The presumption is, they listened ; immediately when the last car of the coal train had passed, they stepped out on the main track ; Young barely cleared the locomotive which was following the train about sixty feet behind, and Gray was struck and killed. The deceased did stop, because of the coal train which he saw ; he did not stop for the locomotive which he could not see ; there was evidence tending to establish the fact that the locomotive gave no warning. The exact width of space between the main and side tracks is not given, but from all the evidence the inference is they were only sufficiently distant from each other to allow for safe passage of trains ; that there was room for safe observation by a foot traveler outside the projection of the freight car over the side track and that of a coming locomotive over the main track does not appear. Whether under the circumstances it was the duty of the deceased to peep around the end of the freight car and look before venturing across the track, the court could not say as matter of law, for that manner of looking may have been attended with danger. This, however, appears clear, that less than two ordinary steps of a man from safety behind the box car put him in front of death from a locomotive following sixty feet in the rear of the coal train.

" While the evidence was to some extent conflicting,—perhaps the weight of it showing warning was given by the locomotive engineer,—still it seems to us on the whole evidence the case was one for the jury, and from the evidence they might find that the deceased stopped, looked so far as his vision was not obstructed by the standing cars, listened for warning but heard none, because none was given. Whether ordinary care demanded that he wait longer behind the freight car or that he

step out on the space between the rails and look up the main track before stepping on it were questions for the jury to answer and not the court."

This, it must be admitted, is an extreme case but, with it staring him in the face as a precedent, how could the trial judge in the court below say to the jury in a case such as was presented to him, under all the facts, as shown in the one under consideration, that the deceased, son of the plaintiffs, was guilty of contributory negligence ? Not only could he not say so but we think would have been guilty of reversible error, if he had complied with the wishes of the defendant in affirming the fifth and sixth points of the defendant, the failure to do which is assigned for error.

In view of the necessity for rapid communication by rail, so long as grade crossings remain, it may be, and we think is, necessary to hold persons about to cross the tracks of a railroad to the strictest observance of the law in regard to crossing, as laid down in Holden v. Penna. R. R. Co., 169 Pa. 1, and later cases of like tenor, but the facts in this case do not bring it within this class of cases and we think were of such a character as to compel their submission to the jury. There being no complaint as to the manner in which they were submitted, the verdict based upon them must stand.

Judgment affirmed.