# Worthington *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Grade crossing—" Stop, look and listen."*

In an action to recover the value of horses killed at a grade crossing, the case is for the jury where the evidence tends to show that the persons in control of the team, stopped, looked and listened at a point fifty to seventy-five feet distant from the railroad; that the driver kept a continuous lookout from the time he stopped until he entered upon the track; that intervening objects created obstructions to both sight and hearing of the persons in the carriage; that the train which struck the horses was a special one, and approached the crossing at a speed of at least twenty-five miles an hour, and that it was doubtful whether any or sufficient signals were given by the engineer.

Where it is doubtful whether a place selected by a driver is or is not the best place to stop before crossing railroad tracks, the case is for the jury.

Argued Nov. 18, 1902.   Appeal, No. 111, Oct. T., 1902, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1900, No. 175, on verdict for plaintiff, in case of John Worthington et al. v. Philadelphia & Reading Railway Company. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover the value of horses killed at a grade crossing.   Before JOHNSON, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $432.15.   Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on a point reserved as to whether there was any evidence in the case on which plaintiff was entitled to recover.

*W. B. Broomall*, for appellant.

*William I. Schaffer*, with him *Josiah Smith*, for appellee.

OPINION BY ORLADY, J., May 22, 1903:

The only question raised by this appeal is founded upon

the refusal of the court below to give binding instructions to find for the defendant. From an examination of the testimony it appears that the accident occurred at a grade crossing where the persons in control of the team stopped, looked and listened, at a point fifty to seventy-five feet distant from the railroad; that the extra or special train (consisting of first a caboose, then the engine and behind it the tender), approached the crossing at a rate of speed at least equal to twenty-five miles an hour; that intervening objects created obstructions to both sight and hearing of the persons in the carriage, and that there are doubts as to whether any or sufficient signals were given by the engineer. It is also doubtful, under the evidence, whether the place selected by the driver was or was not the best place to stop, and, under authority of Newton v. Pittburg, etc., Railroad Co., 18 Pa. Superior Ct. 18, Doud v. Delaware, etc., Railroad Co., 203 Pa. 227, and Newman v. Delaware, etc., Railroad Co., 203 Pa. 530, the case was fairly submitted to the jury, under proper instructions in regard to the respective duties of the railroad company and the driver of the wagon. Under the plaintiff's testimony the driver was vigilant and kept a continuous lookout from the time he stopped until he entered upon the track, and whether he should have made a second stop in view of his surroundings was a question of fact for the jury.

The judgment is affirmed.