## Komorek et ux. v. Penna. R. R. Co.

*George F. Mahaney*, for plaintiffs.

*Brockway, Whitla & McKay* and *Roy M. Jamison*, for defendant.

WAITE, P. J., O. C., sixth judicial district, specially presiding, May 25, 1945.—This is an action of trespass brought to recover damages sustained by plaintiffs in a collision between plaintiffs' automobile and the caboose of a train of defendant company being backed across Budd Avenue in Sharon, Pa., on the night of January 8, 1943, between 10:30 and 11 p.m. At the conclusion of plaintiffs' testimony, defendant's counsel, without offering any testimony, moved the court for a compulsory nonsuit on the ground that plaintiffs had failed to show any negligence on the part of defendant. The motion was overruled and the case submitted to the jury, which returned a verdict in the amount of $332.79 in favor of John Komorek for expense incurred, and also a verdict in the amount of $400 in favor of Bessie

Komorek, his wife, a passenger in the automobile, for pain and suffering.

The matter is now before the court on a rule to show cause granted on defendant's motion for judgment non obstante veredicto. The testimony shows that Budd Avenue extends in an east and west direction and at the place of the collision is crossed by nine tracks of defendant company extending in a north and south direction. John Komorek, accompanied by his wife Bessie Komorek, was driving his automobile in an easterly direction, and as they approached the crossing slowed down to a speed of between 10 and 15 miles per hour and had, without stopping, safely crossed over the most westerly track and continued on a distance of 15 to 20 feet and upon the second track. When his car was about half way across the second track he stopped it in response to a signal given by the swinging of a red light by defendant's watchman on the easterly side of the tracks. Plaintiffs' automobile was then almost immediately struck on the right side by the caboose of one of defendant's trains being backed across Budd Avenue, without lights or any other signal of its approach. Under such circumstances, the questions of proximate cause, of defendant's negligence and plaintiffs' contributory negligence were for the jury. After verdict in favor of plaintiffs, on motion for judgment non obstante veredicto, the testimony must not only be read in the light most favorable to plaintiffs, all conflicts therein being resolved in their favor, but they also must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence. See Thomas v. Pennsylvania R. R. Co., 275 Pa. 579.

There was an imperative duty, both upon the driver and the passenger, to see that the automobile was stopped and to look and listen for approaching trains before entering upon the railroad tracks. Had there been no other intervening cause there could have been

no recovery. An efficient intervening cause is defined as a new and independent force, which breaks the casual connection between the original wrong and the injury, and itself becomes the direct and immediate— that is, the proximate—cause of an injury. And the test is: Was it a new and independent force, acting in and of itself in causing the injury and superseding the original wrong complained of, so as to make it remote in the chain of causation? See Ballentine's Law Dictionary 677, and authorities cited.

Clearly, there was an efficient intervening cause in the instant case and under such circumstances the questions of proximate cause and of negligence and contributory negligence were questions of fact for the jury and could not be determined and declared by the court as a matter of law. While the contention of defendant that it is negligence as a matter of law not to stop, look, and listen before entering a crossing upon a railroad is the law in Pennsylvania, the decisions are clear that if there are other prior or intervening causes or actions by a defendant, such as the raising of crossing gates (McCarthy v. Philadelphia & Reading Ry. Co., 211 Pa. 193), leaving gates open (Siever v. Pittsburgh, Cinn. & St. L. Ry. Co., 252 Pa. 1), watchman not signalling (Hoffman v. P. & L. E. R. R. Co., 278 Pa. 246), "trapping" by lowering of safety gates (Richardson v. Pennsylvania R. R., 338 Pa. 155), or in stopping an automobile on a railroad track in response to a signal of defendant company's watchman, after having been committed to a crossing and having safely passed over the first track on a foggy night as in the instant case, the questions of proximate cause, of negligence of defendant, and contributory negligence of the plaintiffs are for the jury.

In Doud v. Del., S. & S. R. R. Co., 203 Pa. 227, the court, after reiterating the unbending rule of law in Pennsylvania requiring a person to stop, look, and listen before entering upon a crossing, stated (p. 228):

"The difficulty with this as with all other rules is not so much to know it, as it is to make proper application of it to the various cases constantly coming up for adjudication. While the courts show no disposition to relax the rule, it has been held to apply only to cases free from doubt and uncertainty, otherwise the question of contributory negligence must go to the jury."

And in Witmer v. Bessemer & L. E. R. R. Co., 241 Pa. 112, the court said (pp. 114-15):

". . . it is only in clear cases where the facts are undisputed and but one inference can be drawn from them that courts can declare as a matter of law a party guilty of contributory negligence."

The court cannot declare plaintiffs guilty of negligence because they did not escape from a place of danger which was unknown to them, and from which danger they might and probably would have escaped had their automobile not been stopped in response to a signal given by defendant's watchman. The question of proximate cause of the injury and the negligence of defendant and contributory negligence of plaintiffs under such conditions were for the jury and not for the court.

After a careful review of the record, we are clearly of opinion that the proximate cause of the injury sustained and the negligence and contributory negligence of the parties under all the circumstances in this case were for the jury and that, the verdict in favor of plaintiffs being sustained by the evidence, defendant's motion for judgment non obstante veredicto must be refused.

### Order

And now, to wit, May 25, 1945, the rule heretofore granted on defendant's motion for judgment non obstante veredicto is discharged, and the prothonotary is directed to enter judgment upon the verdict in favor of plaintiffs and against defendant upon payment of the jury fee.