### CORDS *v.* THIRD AVE. R. CO.

(*Superior Court of New York City, General Term.* January 7, 1889.)

HORSE AND STREET RAILROADS—LIABILITY FOR NEGLIGENCE.

Where one of defendant's servants, while driving a car belonging to defendant, knocked down and injured a child, but there was no evidence that at any time was the child at a place where the driver could have seen him, and then have managed the horses so as to have avoided the accident, the defendant was not liable for the injury.

Appeal from trial term.

Action by Charles Cords against the Third Avenue Railroad Company. Judgment was rendered dismissing the complaint, and plaintiff appeals.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*Miller & Savage,* for appellant. *Wm. N. Cohen* and *Hoadly, Lauterbach & Johnson,* for respondent.

SEDGWICK, C. J. The action was for damages for the loss of the services of plaintiff's child, caused by the negligence of defendant's servants in driving a car of defendant so that the child was knocked down by the horses and seriously hurt. In my judgment there were no facts in the case which would have justified the judge in submitting to the jury the issue of negligence.

The negligence charged against the driver of the car was in not stopping the horses before they ran over the child. There was, however, no fact which tended to show that at any point of time the child was at a place where the driver could have seen him, and then have managed the horses so that the child would not have been knocked down by them. It was consistent with the testimony that the child came into contact with the horses at the side, and so suddenly that the consequences were unavoidable. There was no presumption of negligence. Until the contrary is shown, it is to be assumed that the driver did his duty in looking ahead over his pathway, and would have avoided whatever it was his duty to avoid. To show that he neglected this duty it was necessary to show that the child was in the way, and that it was the duty of the driver of the car to see him. There was an absence of testimony in this respect.

The judgment should be affirmed, with costs.

INGRAHAM, J., concurred.