James Moss and Susan Moss, his wife, Appellants, *v.* Philadelphia Traction Company.

*Negligence—Street railway—Infant—Speed of car—Evidence.*

In an action against a street railway company to recover damages for the death of a child three years and eight months old, run over by a car while playing in the street, it appeared that the child when last seen before the accident was jumping rope and running across the street from one side to the other, at some distance from the crossing. The car stopped almost immediately after the child was struck. No witness called saw the accident. The plaintiff's case rested upon the allegation that the car was run at undue speed. Some of the witnesses stated that the car was going fast, but their statements as to the speed of the car were indefinite, and they acknowledged upon cross-examination that their estimates were mere conjectures. There was no evidence of want of care on the part of the motorman, either before or after the child had been seen by him. *Held,* (1) that no inference of negligence can be drawn from the indefinite statements of witnesses as to the speed of the car which is not repelled by the fact that the movements of the car were under such complete control that it was stopped at once; (2) that it was not error to enter a compulsory nonsuit and to refuse to take it off.

Argued Jan. 6, 1897. Appeal, No. 319, Jan. T., 1896, by plaintiffs, from judgment of C. P. No. 1, Phila. Co., March T., 1895, No. 884, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the death of plaintiffs' child. The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Richard P. White*, with him *B. Frank Clapp* and *William W. Wiltbank*, for appellants:—There can be no question that the death of the child was caused by contact with the car, and, inasmuch as contributory negligence is not to be imputed to the child, there was a case for the jury on the question whether or not negligence was to be imputed to the defendant: Summers v. Brewing Co., 143 Pa. 114.   We submit that the law is the same in the present case, where no evidence was presented of the conduct of the motorman.  The rapid rate of speed justified the plaintiff's claim that the case was for the jury: Phila. & Reading R. R. v. Long, 75 Pa. 257; Ellis v. R. R., 138 Pa. 506; Dunseath v. Pittsburg Traction Co., 161 Pa. 124; Lederman v. R. R. Co., 165 Pa. 118; Laquinta v. Citizens' Traction Co., 166 Pa. 63; Thatcher v. Traction Co., 166 Pa. 66; Woeckner v. Erie Electric Motor Co., 38 W. N. C. 549.

*J. Howard Gendell*, for appellee, cited on the question of the company's negligence: Funk v. Electric Traction Co., 175 Pa. 559; Goshorn v. Smith, 92 Pa. 435; R. R. v. Spearen, 47 Pa. 300; Fleishman v. R. R. Co., 174 Pa. 510; Flanagan v. Ry. Co., 163 Pa. 102; Hestonville etc. Ry. v. Connell, 88 Pa. 520.

OPINION BY MR. JUSTICE FELL, March 22, 1897:

It is unnecessary to consider whether under the circumstances disclosed by the testimony contributory negligence should be imputed to the plaintiffs in allowing their child to escape from the house and wander in the street unattended, as we see nothing in the testimony which will sustain a finding of negligence on the part of the defendant company.   A child three years and eight months old was playing on the street.   When last seen by any of the witnesses before the accident she was jumping rope and running across the street from one side to the other, and at some distance from a crossing.   No witness called saw the accident.   The car stopped almost immediately after the child was struck.   The plaintiffs' case rested upon the allega-

tion that the car was run at undue speed.   Of this the only evidence is found in vague declarations of the witnesses who admittedly gave no attention to the car as it approached them. These witnesses speak of the car as " coming at a pretty full rate," " going unusually fast " and " almost as fast as it could." The two witnesses who undertook to state how many miles per hour it was going admitted on cross-examination that their estimates were the merest conjectures, that they paid no attention to the movements of the car except to notice that it was coming down the street.   They had seen the child playing on the street, and their attention was next arrested by the stopping of the car.

The accident did not occur at a crossing.   There is no evidence that the motorman was not giving close attention to his duties, or that the child could have been seen by him in a position of danger until the moment of the accident, and the evidence is clear that the car was stopped almost instantly after the child was struck.   In Woeckner v. Erie Motor Co., 176 Pa. 451, cited by the appellants, the motorman saw the child approaching the track and knew of the danger in time to guard against it.   He went on after he could have stopped, assuming that the child would not cross the track.   In this case there is not the slightest evidence of want of care on the part of the motorman, either before or after the child was seen by him. No inference of negligence can be drawn from the indefinite statements of the witnesses as to the speed of the car which is not repelled by the fact that the movements of the car were under such complete control that it was stopped at once.

The judgment is affirmed.