# Katie Kline, by her father and next friend, Levi Kline, *v.* The Electric Traction Company, Appellant.

*Negligence—Street railways—Speed of car.*

A street railway car must be kept well in hand and the speed must not be so great as to make this impossible or to endanger the safety of the public using the streets with reasonable care. The greatest rate of speed consistent with the safety of other persons using the street or highway may be maintained, and the court cannot say that any rate of speed that does not transcend these limits is negligent, or should be submitted to the jury as sufficient to justify a verdict against the railway company.

*Negligence—Street railways—Infant—Speed of car—Signal—Evidence.*

In an action against a street railway company to recover damages for personal injuries to an infant of tender age, it appeared that the child, at about 8 o'clock in the evening of a day late in June, was playing with sev-

eral other children upon one side of a street on which there was a street railway track. As a car was rapidly approaching the child suddenly started to run across the street in front of the car and reached the track just in time to be hit by it. The headlight on the front of the car was burning. The motorman appeared to have been watching and, upon discovering the movement of the child, he turned off the current and applied the brake with such vigor as to stop the car within from twenty to forty feet. The noise made in suddenly stopping the car attracted attention in the neighboring dwellings. Witnesses for the plaintiff testified that the speed of the car was greater than usual. The car did not stop or give a signal at the crossing last passed by the car, half a square or more from the place of the accident. It appeared, however, that this was not a regular stopping place, and that cars stopped only at this crossing when there were passengers to get on or off. *Held*, that there was not sufficient evidence of the company's negligence to justify the submission of the case to the jury.

Argued Jan. 12, 1897. Appeal, No. 463, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1894, No. 307, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries to a child of tender age.

The facts appear by the opinion of the Supreme Court.

Defendant's point and answer thereto among others were as follows :

4. Under all the evidence the verdict should be for the defendant. *Answer :* Refused.

*Error assigned* was above instruction, quoting it.

*J. Howard Gendell*, for appellant.—There was not sufficient evidence of the defendant's negligence to justify a submission of the case to the jury : Goshorn v. Smith, 92 Pa. 435 : Chilton v. Central Traction Co., 152 Pa. 425 ; R. R. v. Spearen, 47 Pa. 300 ; Hestonville, etc. R. R. Co. v. Kelly, 102 Pa. 115 ; Brown v. French, 104 Pa. 604 ; Sekerak v. Jutte, 153 Pa. 117 ; Fleishman v. Neversink Mountain R. R., 174 Pa. 510 ; Flanagan v. People's Pass. Ry., 163 Pa. 102 ; Hestonville Pass. Ry. v. Connell, 88 Pa. 520.

*Thomas A. Fahy*, for appellee.—The case was for the jury :

Goshorn v. Smith, 92 Pa. 435; Chilton v. Traction Co., 152 Pa. 425; Evers v. Traction Co., 176 Pa., 376; Johnson v. Ry. Co., 160 Pa. 647; Flanagan v. Ry. Co., 163 Pa. 102; Yingst v. Ry. Co., 167 Pa. 438; Thatcher v. Traction Co., 166 Pa. 66; Harkins v. Traction Co., 173 Pa. 149; Iaquinta v. Traction Co., 166 Pa. 63; Fleishman v. Neversink Mountain R. R., 174 Pa. 510; Woeckner v. Erie Electric Motor Co., 176 Pa. 451; Dunseath v. Traction Co., 161 Pa. 124.

OPINION BY MR. JUSTICE WILLIAMS, May 24, 1897:

The story of the plaintiff's injury is free from difficulty and without any conflict in the testimony as to any important particular. The defendant's car was moving along South Tenth street making its usual circuit. The plaintiff who was a mere child was playing with several other children upon one side of the street. As the car was rapidly approaching she suddenly started to run across the street in front of it and reached the track just in time to be hit by it and to suffer the injury of which she now complains. It was about eight o'clock in the evening of the 25th of June, and the head light on the front of the car was burning. The motorman appears to have been watchful and upon discovering the movement of the child he turned off the current and applied the brake with such vigor as to stop the car within a short distance, estimated at from twenty to forty feet. The noise made in suddenly stopping the car attracted attention in the neighboring dwellings. When the car was brought to a standstill the child was found under it and between the tracks, and was extricated from her perilous condition without other apparent injury than external bruises and two scalp wounds. These soon healed leaving no more serious results than scars. This action is brought by her father, as next friend, to recover for such injury as she has suffered on account of the accident. If she had been of sufficient age to be chargeable with contributory negligence it is probable the defendant would have relied upon the circumstances connected with the collision as proof of such negligence, but her years remove this question from the case and leave only that of the negligence of the defendant. The evidence upon which this question was submitted to the jury related to the speed of the car and the absence of a signal at the crossing of Fitzwater

street, which was the last street crossed by the car, and was half a square or more from the place of the accident. The learned trial judge said in his charge to the jury, "Now the plaintiff in this case complains, and has endeavored to establish by the testimony of a number of individuals, among them Mr. Lewis and Mr. Morgan, that this car was running at an unusual rate of speed. . . . The witness has said it did not slow up at Fitzwater street and that no bell was rung. . . . Therefore the plaintiff claims that is sufficient to justify you in assuming that these parties were negligent . . . .; therefore if you believe these facts to have been established it is sufficient to justify you in forming the opinion that the company was negligent." But we are without any definite information as to the speed of this car. The witnesses are of opinion that it was greater than usual, but it was not so great but the motorman was able to stop it within about its length. We are not prepared to lay down any rule in regard to the rate of speed at which an electric car may be run between crossings, nor to say that the mere fact that the defendant's car was moving faster than usual at the time the plaintiff ran in front of it would be, in the language just quoted from the charge, "sufficient to justify" the jury in finding the defendant guilty of negligence. All that can be safely said upon this subject is that the car must be kept well in hand, and that the speed must not be so great as to make this impossible, or to endanger the safety of the public using the streets with reasonable care. But these passenger railways are created to facilitate the movements of the general public, and to furnish rapid transit for citizens from their homes to the business center of the city. They are practically indispensable in all great cities. The same rules as to speed that may be applied to ordinary vehicles propelled by horses are not applicable to street cars. They move upon a track from which they cannot turn, which is plainly visible, and which is prepared with a view to the rapid movement of cars upon it. The cars can be seen and heard for considerable distances; and are required to warn persons who may be upon their tracks, of their approach. The purpose of their owners and the demand of the public are that the greatest rate of speed consistent with the safety of other persons using the street or highway shall be maintained; and we are unable to say that any rate of speed that does not transcend these lim-

its is negligent or should be submitted to the jury as "sufficient to justify" a verdict against the railway company. As to the failure to ring the bell at Fitzwater street it is enough to say that the evidence shows that the cars stopped there only when there were passengers to get on or off at that crossing, and that it was not a regular stopping place.

On the day of this accident there was no one to get on or off this car at that street and there was nothing to require it to do more than slacken its speed as it crossed the street. There was no one upon the street to be warned and no occasion for striking the gong or bell. It went on with an unobstructed track before it into the next square when suddenly this child dashed into the street just before it. The motorman saw the movement and at once applied the brake with such force as to attract attention from people who were indoors for some distance along the street, and with such effect as to stop the car almost instantly. There was nothing in all this to require the striking of the gong, or to suggest its necessity to the motorman. The fact that this was not done under the circumstances disclosed by the evidence in this case was not the cause of this accident, nor could his failure to do so amount to negligence. Upon a careful examination of this record we are unable to find any evidence of negligence on the part of the defendant sufficient to justify the submission of the question to the jury. The case strongly resembles that of Funk v. The Electric Traction Co., 175 Pa. 559, in every important particular. The injury was not inflicted at a crossing where the passage of footmen should be looked for. The child was upon the sidewalk until it ran suddenly on the track and was struck on the instant of reaching it. The immediate cause of the injury was therefore her own thoughtless act for which the defendant is in no way responsible, and no act of negligence on the part of the motorman being shown there can be no recovery: Chilton v. The Central Traction Co., 152 Pa. 425; Spearen v. Phila. & Reading R. R., 47 Pa. 300.

The assignments of error are sustained upon the facts of this case, and the judgment is reversed.