# Walter S. Gould by his next friend, Hans Shadd, *v.* The Union Traction Company, Appellant.

*Negligence—Street railways—Bicycle.*

Plaintiff, a boy twelve years old, mounted on a bicycle and riding at a speed of seven or eight miles an hour, came from a small street about midway in a block into a street on which a passenger railway company ran its cars in a southerly direction. The boy intended to turn north when he reached the corner, but he was prevented from doing so by a wagon which was standing between the curb and the car tracks. Continuing on his course, he passed the wagon, and while in the act of turning north around it, he observed a car approaching, very near him. The space between the wagon and the side of the car was too narrow to admit of his passage, and he attempted to turn back, and at the same time to dismount. His bicycle struck the car at a point between the front and the center, and he was thrown down and injured by the rear wheels of the car. The motorman had not seen the plaintiff until he reached the crossing. He had looked east in the direction in which the plaintiff was approaching, and at the moment of the collision his eyes were turned towards the crossing on the other side of the street to see if any one was approaching from that direction. The boy was not in a position in which he could have been seen by the motorman until the bicycle was within five feet of the tracks and within thirty feet of the car. There was conflict of testimony as to the speed of the car, but the speed had nothing to do with the accident. *Held,* that there was no evidence of negligence by the motorman, and that the defendant was entitled to binding instructions in its favor.

Argued Jan. 11, 1899. Appeal, No. 213, Jan. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. County, Dec. T., 1896, No. 131, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before McMICHAEL, J.

The facts appear by the opinion of the Supreme Court.

Defendant's point and the answer thereto among others were as follows:

Under all the evidence your verdict must be for the defendant. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* among others was (1) above instruction, quoting it.

*Thomas Leaming*, with him *William Henry Lex*, for appellant.—In the absence of negligence by the defendant, the incapacity of the plaintiff creates no liability: Smith v. O'Connor, 48 Pa. 218; Jones v. P. & R. R. R., 186 Pa. 469; Chilton v. Central Traction Co., 152 Pa. 425; Fleishman v. Neversink Mt. R. R., 174 Pa. 510; Funk v. Electric Traction Co., 175 Pa. 559; Fletcher v. Scranton Traction Co., 185 Pa. 147.

The plaintiff's argument that there was evidence of negligence in the degree of speed falls, because the speed shown was not negligence between crossings, and there was no causal relation between it and the accident, which would have happened no matter what the speed had been: Smith v. Holmesburg, etc., Ry., 187 Pa. 451; Yingst v. Lebanon, etc., St. Ry., 167 Pa. 438; Evers v. Phila. Traction Co., 176 Pa. 376; Kline v. Electric Traction Co., 181 Pa. 276; P. & R. R. R. v. Long, 75 Pa. 257; Goshorn v. Smith, 92 Pa. 435; Funk v. Electric Traction Co., 175 Pa. 559.

The momentary casting of the motorman's eye in a direction other than that from which the plaintiff precipitated himself onto the car is not negligence: Railway v. Thomas, 132 Pa. 504; Johnson v. Reading City Pass. Ry., 160 Pa. 647.

*Harvey K. Newitt*, with him *Ellery P. Ingham*, for appellee. —Defendant was negligent: Gibbons v. Ry. Co., 155 Pa. 279; R. R. v. Spearen, 47 Pa. 300; Harkins v. Traction Co., 173 Pa. 146; Iaquinta v. Traction Co.. 166 Pa. 63; Schnur v. Traction Co., 153 Pa. 29; Reilley v. Traction Co., 176 Pa. 335; Evers v. Traction Co., 176 Pa. 376; Henne v. Ry., 1 Pa. Superior Ct. 311; Buente v. Traction Co., 2 Pa. Superior Ct. 185; Johnson v. Ry., 160 Pa. 650; Ry. Co. v. Mulhair, 6 W. N. C. 508.

OPINION BY MR. JUSTICE FELL, February 27, 1899:

The plaintiff, a boy 12 years of age, mounted on a bicycle and riding at a speed of seven or eight miles an hour, came from Rodman street, a narrow street about midway in a block, into Tenth street, on which the defendant's cars ran in a southerly direction.   He intended to turn north on Tenth street as soon

as he reached the corner, but was prevented from doing so by a wagon which was standing between the curb and the car tracks. He went on directly into Tenth street until he had passed the end of the wagon, and when in the act of turning north around it he observed a car approaching, which was then very near him. The space between the wagon and the side of the car was too narrow to admit of his passage, and to escape from the danger in which he was placed he attempted to turn back and at the same time to dismount. His bicycle struck the car at a point between the front and the center, and he was thrown down and injured by the rear wheels of the car. The motorman had not seen the plaintiff until he reached the crossing. He had looked east in the direction in which the plaintiff was approaching, and at the moment of the collision his eyes were turned toward the crossing on the other side of Tenth street in order that he might see if any one was approaching from that direction. The boy was not in a position in which he could have been seen by the motorman until the bicycle was within five feet of the tracks and about thirty feet of the car, and he had then turned so that the bicycle and the car were approaching each other. The collision was caused by the turning of the bicycle so that it ran into the car. These are the main facts presented at the trial, and there is practically no dispute as to them. There was the usual conflict of testimony as to the speed of the car. The only testimony that the speed was immoderate was given by a witness, a waiter, who said that it was running twenty-three miles an hour, but who admitted that it came to a stop within seventy-five feet of the place of the collision, although the first notice the motorman had was given by the jar as the rear wheels passed over the plaintiff's leg, after which he applied the brake as he looked around the end of the car to see what had happened.

We see nothing in the testimony to justify a finding of negligence on the part of the motorman. If he saw, or by the exercise of reasonable care would have seen, the plaintiff in time to stop the car, it was his duty to do so. But it is clear that he did not see him, and it is equally clear that he was not negligent in turning his eyes momentarily toward the other side of the street. He did this in the performance of his duty to watch both sides of the street. He was not, as was the motorman in Harkins v. Traction Co., 173 Pa. 146, indifferent to his

duty, and looking at something at the side of the street in which he had no concern. All of the witnesses agree that he was vigilant; some said that he was looking straight ahead, some to the west. He testified that as he reached the crossing he looked first east and then west. During the moment when his eyes were turned from the east the plaintiff came rapidly and noiselessly upon the street from behind a wagon which was close to the track, with his bicycle turned so that he was facing the car, and then suddenly changed his direction and struck the car.

As before stated, the only testimony which tended to show undue speed was that of a witness who evidently was making a mere conjecture about a matter of which he had no knowledge, and whose statement was effectually refuted by the admitted facts as to the stopping of the car. The speed of the car, however, did not cause the accident. The collision occurred within a moment of the time the plaintiff turned into Tenth street. If the car had been standing still, and the plaintiff had taken the same course, he would have run into it. His difficulty was that he could neither stop quickly nor remain on his bicycle if he stopped; and this is the cause of injury in the great majority of cases of collision between bicycles and cars or wagons. The plaintiff was not misled by the movement of the car, nor surprised in an attempt to do what ordinarily he might have done with safety. He turned toward the car when it was then at his side, because he could neither go forward nor stop. The motorman was not under the circumstances negligent in not seeing him; if he had seen him it was too late to avoid the collision.

The first specification of error is sustained, and the judgment is reversed.