Keller, Appellant, *v.* Philadelphia & Reading Railway Company.

*Negligence—Railroads—Pedestrians.*

A pedestrian on a public street, where he ordinarily has a right to be, does not become a trespasser thereon merely because the municipality has granted to a railroad company the privilege of temporarily laying a track thereon for its own convenience and benefit.

Where a railroad company runs its trains over tracks on a public street, it is under no imperative duty to continuously give danger signals while the train is moving. It is the duty of the engineer to look ahead, and if he sees drivers of vehicles or pedestrians in a place of danger, to give them warning of the approaching train by proper signals. In the absence of

evidence as to whether the engineer was or was not looking ahead, the presumption is that he was doing his duty.

In an action by a boy against a railroad company to recover damages for personal injuries, it appeared that the railroad company had the privilege of temporarily laying a track in a public street; that before the accident occurred the boy had been walking on the sidewalk of the street, but near the middle of the square he left the pavement, stepped on the street, and walked along the street about nine feet before he was struck. There was no evidence that the engineer saw him either on the pavement or on the street. The distance between the curb and the first rail of the track was four and one-half feet. This allowed a safe place for the plaintiff to walk, even allowing for the overhang of the freight cars. Plaintiff testified that the engine and tender passed him safely, and that he was struck by a box car. It did not appear how far the engine was away from him when he stepped into the street. *Held*, that there was no evidence to convict the defendant of negligence.

Argued Jan. 3, 1906.    Appeal, No. 61, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1899, No. 215, on verdict for defendant non obstante veredicto in case of Charles Keller and Edwin Keller, by his father and next friend, Charles Keller, v. Philadelphia and Reading Railway Company.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before WILLSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for Charles Keller for $2,500, and for Edwin Keller for $18,000 subject to question of law reserved.

The court subsequently entered judgment for defendant non obstanto veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*A. S. L. Shields*, for appellants.—The learned court below erred in assuming that the negligence of the defendant rested upon inference. The same conduct in an adult would at least have required the jury to pass upon the alleged contributory negligence, while the evidence of the defendant's negligence was clear and convincing: Phila. & Reading R. R. Co. v. Long, 75 Pa. 257.

The learned court below erred in holding that even though the plaintiff was too young to be chargeable with contributory negligence he was a trespasser nevertheless, and could not recover under the rule of law as to minor trespassers established in Moore v. Pennsylvania R. R. Co., 99 Pa. 301; Hoit v. Penna. R. R. Co., 206 Pa. 356; Iaquinta v. Citizens' Traction Co., 166 Pa. 63; Schnur v. Citizens' Traction Co., 153 Pa. 29; Woeckner v. Erie Electric Motor Co., 176 Pa. 451; Satinsky v. Mutual Brewing Co., 187 Pa. 57.

*Gavin W. Hart,* for appellee.—The plaintiff was a trespasser: Moore v. Penna. R. R. Co., 99 Pa. 301; Brague v. Ry. Co., 192 Pa. 242; R. R. Co. v. Spearen, 47 Pa. 300; R. R. Co. v. Hummell, 44 Pa. 375; Gillespie v. McGowan, 100 Pa. 144; R. R. Co. v. Schwindling, 101 Pa. 258; McMullen v. R. R. Co., 132 Pa. 107; Bridge Co. v. Jackson, 114 Pa. 321; Feehan v. Dobson, 10 Pa. Superior Ct. 6.

The case falls within the class of cases where a child suddenly runs onto the track and is injured: R. R. Co. v. Spearen, 47 Pa. 300; Chilton v. Traction Co., 152 Pa. 425; Funk v. Traction Co., 175 Pa. 559; Kline v. Traction Co., 181 Pa. 276; Callary v. Transit Co., 185 Pa. 176; Miller v. Traction Co., 198 Pa. 639.

OPINION BY MR. JUSTICE ELKIN, February 26, 1906:

We cannot accept as sound the contention of appellee that the injured boy was a trespasser. Hamilton street is a public highway, the use of which could be enjoyed by pedestrians, drivers of teams and the defendant company, each having due regard for the rights and privileges of others. Neither appellant or appellee, nor anyone else could make use of the street in disregard of the rights of others lawfully on the same. When the boy stepped from the pavement on the street in the middle of the square his risks were increased, and in the case of an adult person it would be his duty to exercise greater care. It would be a harsh rule to hold that a pedestrian on a street where he ordinarily had a right to be, should become a trespasser because the city had granted a railroad company the privilege of temporarily laying a track thereon for its convenience and benefit. The temporary construction and use of the

track in the center of the street by appellee did not change the general purposes for which the street was intended, nor did it deprive appellant of his right to use the same.    The cases cited holding children to be trespassers are not applicable to the facts of the present case.

The negligence alleged in this case is that the train was running at an unusually high rate of speed without giving proper danger signals.    The evidence in support of these allegations is meager, indefinite and inconclusive.    One witness estimated the rate of speed to be ten or twelve miles an hour. Another testified " it was going less than eight miles an hour " and " might have been going only six, four or five," while others did not fix any rate.    The evidence did not show what was the usual rate of speed at this point, nor do we think such facts were established as to permit a jury to draw the inference that the rate was unusual.    The case, however, does not depend upon a determination of the question whether the train was running at an unusual rate of speed.    It was the duty of appellee to exercise proper care no matter whether the train was running five, six, eight or ten miles an hour.

This brings us to a consideration of the controlling question raised by this appeal.    Did appellee do anything it should not have done, or did it fail to do anything it should have done in the performance of its duty to appellant?    No negligence of commission is charged, but it is contended that appellee failed to give warning by ringing a bell or blowing a whistle and the omission of these duties show want of care.    Failure to perform these alleged duties under the circumstances was not negligence per se.    The appellee was under no imperative duty to continuously give danger signals while running its train over the track on the street.    It was the duty of the engineer to look ahead and if he saw drivers of vehicles or pedestrians in a place of danger, to give them warning of the approaching train by proper signals.    There is no evidence to show that the engineer was or was not looking ahead.    In the absence of evidence the presumption of law is that he was doing his duty. We must then proceed on the assumption that the engineer was looking ahead and performing his duty in this respect.    If he was looking ahead, as he is presumed to have been, could or should he have seen the boy in time to give danger signals

and avoid the accident ?   If he could it was his duty to do so, and failure to perform such duty is negligence, and appellee would be liable in damages for injuries caused thereby.   The train was running west in the same direction the boy was walking.   The boy had been walking on the sidewalk, but near the middle of the square he left the pavement and stepped on the street, thus placing himself nearer to the moving train. He walked along the street about nine feet before he was struck. There is no evidence that the engineer saw him either on the pavement or the street, but even if it be conceded that he did see or should have seen the boy while walking on the pavement or at the time he stepped on the street, we cannot say that he failed in the performance of any duty he owed him.   The engineer was not bound to take notice that the boy might suddenly leave the sidewalk or street where he was safe and run into a place of danger.   When he stepped from the pavement on the planked street to continue his journey he had four and one-half feet to walk on between the curb and the first rail of defendant's track, so that even allowing for the overhang of the freight cars he had a safe place on the street to walk alongside of the train.   If the engineer saw him while he was walking at a safe place on the pavement or street, and of this there is no evidence, he was not required to act on the assumption that the boy would step in front of or into a moving train.   As has been said, the testimony does not show that the engineer saw him or should have seen him in time to avoid the accident. The boy says the engine and tender had passed him safely and he was struck by a box car in the train.   Just how far the engine was away from him at the time he stepped on the street does not appear.   It did appear that the boy walked nine feet on the street after he stepped from the pavement.   It also appeared that the engine and tender had safely passed him before he was struck by the box car.   The reasonable inference from these facts is that the boy stepped on the street just about the time the head of the engine came near that point.   He would then be in a position similar to that of a child who suddenly runs into the side or in front of a moving car.   It has been uniformly held in such cases that there can be no recovery :  Philadelphia & Reading R. R. Co. v. Spearen, 47 Pa. 300 ;  Kline v. Traction Co., 181 Pa. 276 ;  Callary v. Transit

Co., 185 Pa. 176 ; Miller v. Union Traction Co., 198 Pa. 639 ; Sontgen v. Railway Company, 213 Pa. 114.

The appellants have failed to show any negligence of appellee such as to make it liable in damages for the injuries complained of.

Judgment affirmed.