# Ollis *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Pedestrian coming from behind car.*

In an action of trespass to recover damages from a street railway company for causing the death of plaintiffs' minor son, binding instructions for the defendant should be given, where it appears that the boy in crossing, after dark, a street running north and south, on which the double tracks of defendant lay, passed directly behind a north bound car, and was struck by a south bound car at the instant he stepped upon the first rail of the south bound track, and there was no evidence that the motorman could have observed the boy in time to have prevented the injury.

Argued Jan. 6, 1914.   Appeal, No. 174, Jan. T., 1913, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1909, No. 3998, on verdict for plaintiffs in case of Thomas Ollis and Emma Ollis v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Reversed.

Trespass to recover damages for the death of plaintiffs' minor child.   Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The jury found a verdict for plaintiff for $3,018.25, which the court in banc subsequently reduced to $2,250 upon which judgment was entered.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant, and to enter judgment for defendant n. o. v.

*Chester N. Farr, Jr.,* for appellant.

*Walter T. Fahy,* and *Thomas A. Fahy,* for appellees.

OPINION BY MR. JUSTICE POTTER, March 9, 1914:

In this action of trespass the plaintiffs sought to recover damages for the death of a minor son alleged to have resulted from the negligence of the defendant company. The accident occurred after dark on the evening of October 24, 1909, upon Twenty-second street near its intersection with Lippincott street. The double tracks of the defendant company are laid upon Twenty-second street which runs north and south. A street car going north, and one going south, on this street, passed each other in the vicinity of Lippincott street. At the time, the son of the plaintiffs was standing with another boy at the southeast corner of Twenty-second street and Lippincott. Just after the north bound car had passed, the boys started to cross to the west side of Twenty-second street. Plaintiffs' son crossed both rails of the north bound track, which was nearest to him, and as stated by the trial judge in his charge to the jury, "He passed behind the north bound car, and just as he put his foot on what they call the third rail, that is the first rail of the south bound track, he was caught and killed." Under the circumstances, the only negligence of which the motorman in charge of the south bound car, could have been guilty, would have been, failure to stop his car, after he saw the boy upon the track ahead of him, in time to avoid hitting him. The point of the inquiry in this case, was therefore, how far was the car away from the boy, when he entered upon the track upon which it was running? We have examined the record very carefully for evidence bearing upon this point. Plaintiffs' witness, Dewsbury, testified that the boy came back of the north bound car, and stepped on the track in front of the south bound car. The court put to the witness this question: "He was caught just as he got on what you call the third rail?" To which the witness answered, "Yes, sir." John G. Knoepfle another witness for the plaintiffs, testified that "When the north bound car had passed, the boys had went on across, and by the

time that they got on across to about the third rail, the
south bound car just had struck him, and he went under
it." Charles V. Knoepfle another witness for plaintiffs
was asked, "Could you see both cars?" He answered;
"Well I could see the north car, and the south bound car
and the north bound car had just crossed each other."
He further stated, "That the two boys started to run
across the street from the southeast corner, that one of
the boys got across in safety, in front of the car, and the
other boy was struck just as he reached the track."
Another witness, Tomes, testified, that the car was
about five feet from the boy, at the time when he reached
the track. This is substantially all the evidence bearing
upon the vital point in the case. Whether or not the
boy came directly around the back of the north bound
car, or whether he came across the street an instant
after the north bound car had passed, the testimony is
undisputed that the boy was struck just as he reached
the first rail of the south bound track. There is no testi-
mony showing that he was at the rail for any appre-
ciable length of time whatever before he was struck.
The motorman would not have had notice that the boy
was in danger until he saw that the boy was about to
enter upon the track directly in front of the car. The
boy waited for the north bound car to pass, and had he
stopped in the street, or even upon the first track, and
waited for the car upon the second track to pass, the
accident would not have occurred. When the boy did
step upon the second track, the car was according to the
only witness who attempted to fix the distance, only
about five feet away. It is not suggested that the mo-
torman could then have stopped his car, so as to avoid
the accident. Counsel for appellees argue that the mo-
torman should have taken notice of the boys when they
left the curb, and have held up his car until they had
crossed his track. The evidence, however, seems to us
to indicate clearly that the boys came directly from be-
hind the north bound car, into the path of the oncoming

south bound car, so that they were hidden from the view of the motorman until the boy was upon the rail in front of the car. But whether or not that was the case, it is undisputed, that the boy stepped upon the first rail when the car was just upon him, and when no reasonable time remained, in which the car could be stopped. No material question of fact was in dispute, and the trial judge should have assumed the responsibility of disposing of the case.

The first and second assignments of error are sustained. The judgment is reversed and is here entered for defendant.