## Lillian Marguerite Spencer, by Richard D. Spencer, Appellee, v. Chicago City Railway Company et al., Appellants.

### Gen. No. 25,621.

1. STREET RAILROADS, § 64*—*when motorman is not negligent.*
Where a girl 3 years old and unattended walked from the sidewalk
directly in front of a street car, which had stopped at a street in-
tersection to discharge and take on passengers, and when the car
started was directly under the headlight out of the range of the
motorman's vision, he could not be expected in the exercise of
ordinary, care to anticipate the unusual situation, and no negligence
could be predicated upon his failure to look to the sidewalk at the
time the child left there, or upon his failure to look over the
dashboard before starting the car.

2. STREET RAILROADS, § 63*—*what constitutes negligence of motor-
man.* A driver can only be charged with negligence when he fails
to observe something that he ought to see, and would see with or-
dinary vigilance; when he fails to be prepared for something
visible, or at least of probable occurrence or that might reasonably
be expected to happen.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH
B. DAVID, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1919. Reversed with finding of fact. Opinion
filed January 28, 1921. Rehearing denied February 9, 1921.

CHARLES LEROY BROWN, for appellants; JOHN R.
GUILLIAMS and JOHN E. KEHOE, of counsel.

JOHN E. CRAHEN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion
of the court.

This is a personal injury suit wherein the plaintiff
(appellee) obtained judgment for $5,000, from which
defendants have appealed.

Plaintiff was a little girl 3 years old, wandering

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

alone on the public streets of Chicago when she was struck by one of defendants' street cars at the intersection of Western avenue and North avenue. The former street runs north and south, the latter east and west. The car came from the north on the west track of Western avenue and stopped "at the usual place for letting passengers on and off" on the north side of the crossing. The little girl left the sidewalk at the northwest corner of the intersection—at precisely what point does not appear—walked towards the car, passed the west rail of the track, and was close up to the car between the two rails when it started. She was caught up by the fender, and rolled from it to the east side of the car. The injury received resulted in the amputation of the toes of one foot, and consequent partial loss of the foot.

The declaration contains two counts: The first charges that defendants so negligently drove, propelled and operated the car as to strike plaintiff while crossing at such intersection. What took place after plaintiff was struck throws no additional light on the state of facts at and prior to that time, and is not material to the issue. The other count charged a failure to sound the gong before starting the car. The jury having been instructed that there could be no recovery on the latter count, the verdict was presumably based on the first count. But from the circumstances and evidence adduced the verdict could not properly stand on the second count.

The real question of fact presented, therefore, is whether the motorman failed to exercise ordinary care in not discovering the little girl either as she approached the track or entered upon it. Their relative positions should first be noticed. There is practically no dispute of the essential facts.

The inclosed front vestibule of the car had three windows, one in front of where the motorman was standing, which was closed, and one each side, both

of which were open. A passenger stood on each side of him, one close to, and the other leaning on, the window sill in front of him. The sills of the windows came to about the waistline of the motorman when standing. In his usual position, the controller box was in front of his left side. The three were looking forward and none saw the little girl before the accident. The evidence of plaintiff's witnesses who saw the accident was that the little girl passed close to the car, and when it started her head was beneath its headlight, which projected about 3 or 4 inches.

From negative testimony it may be inferred that the platform of the vestibule was about 2 feet from the street, that the little girl was about 3 feet high and that the motorman stood back about 18 to 24 inches from the window. From the evidence adduced it would appear that to see the little girl after she reached the track, the motorman would have had to look down at an acute angle in front of the car, and, before that time, look west and apparently somewhat back of him. The testimony, on the whole, indicates that the car stopped about on the line of the crossing. From some indefinite testimony by one of appellee's witnesses appellee argues that there is ground for a different inference, but it is not in harmony with the same witness' previous and final statements to the effect that the car stopped "even with the crosswalk." Nor was it shown at what precise point plaintiff left the sidewalk. North avenue is 22 feet wider west of Western avenue than east of it, and pedestrians crossing the street to the east accordingly went in a southeastwardly direction. If, therefore, the front of the car stopped at the crossing line and the little girl left the sidewalk a few feet north of the corner and went straight towards it, or straight east, as testified to by one of her witnesses, then in order to see her the motorman would have had to look somewhat back of him, and the nearer she approached the car the less

likelihood there was of his seeing her, because the framework of the vestibule would intercept his vision.

The question arises, therefore, was the motorman negligent under the circumstances disclosed by the evidence in failing to see the little girl either as she approached, or stepped in front of, the car. We think not. It was a business street corner. Some ten or twelve passengers got on the car at that place. There were street car lines on both streets. A street car had just crossed from the south on Western avenue. The motorman's duty required him to take in the entire situation at such a crossing at such a time to avoid any accident when he started his car. Had an adult, or a child of the age and size of those who usually walk the streets unattended, passed in front of the car, the motorman standing in his usual position would probably have seen him in time to avert an accident. But he could not be expected to anticipate the unusual situation of a little child 3 years old wandering unattended in such a place. Had he been looking in any other direction, as he might well be doing at such a time and place, when she left the sidewalk and got so near the car as not to be within the range of his vision, he certainly could not be charged with negligence. And unless he was required to be looking to the sidewalk at the precise time she left it he could not be charged with negligence in not seeing her at that time. And unless he had taken the unusual precaution to peer over the dashboard and look downward he would not have seen the little girl, as may be inferred, when "directly under the headlight" and "as close as she could be to the street car," as testified to by one of plaintiff's witnesses. There was nothing in the facts, as known to and ordinarily observed by the motorman, that called on him for extraordinary vigilance. If he was negligent it is because he was looking in another direction at the time he might have seen the girl. But as said in Booth

on Railways (2nd Ed.), sec. 306:

"Negligence cannot be predicated upon the bare fact that the driver is looking in any particular direction at any particular time. He is not required to keep a watch on each side of the car to the rear of the front platform. * * * He may look up and down an intersecting street, if he does not withdraw his attention from the car for an undue length of time."

Under varying states of facts appropriate language to the case at bar has been used in several decisions cited by appellants, which follow the doctrine stated. It would extend this opinion beyond reasonable length to set forth the facts to which they were applied. We quote:

"A driver can only be justly charged with negligence, when he fails to observe something that he ought to see, and would see with ordinary vigilance; when he fails to be prepared for something visible, or at least of probable occurrence or that might reasonably be expected to happen." (*Hearn v. St. Charles St. Ry. Co.,* 34 La. Ann. 160.)

"It does not appear, however, that the motorman saw, or, in the exercise of reasonable care, ought to have seen the plaintiff, and hence he cannot be charged with any default of duty." (*Kiley v. Boston El. R. Co.,* 207 Mass. 542.)

"Until the contrary is shown, it is to be assumed that the driver did his duty in looking ahead over his pathway, and would have avoided whatever it was his duty to avoid. To show that he neglected this duty it was necessary to show that the child was in the way, and that it was the duty of the driver of the car to see him." (*Cords v. Third Ave. R. Co.,* 56 N. Y. Super. Ct. 319, 4 N. Y. Supp. 439.)

"If there is no negligence or wilful misconduct, there can be no liability, no matter how severe the injury inflicted nor whether the party injured is capable of exercising care for his personal safety." (*Chicago, B. & Q. R. Co. v. Stumps,* 69 Ill. 409.)

In *Gould v. Union Traction Co.,* 190 Pa. St. 198, 42

Atl. 477, a boy riding a bicycle collided with a street car at a street intersection. Holding that there was no negligence on the part of the motorman, the court said:

"If he saw, or by the exercise of reasonable care would have seen, the plaintiff in time to stop the car, it was his duty to do so. But it is clear that he did not see him, and it is equally clear that he was not negligent in turning his eyes momentarily towards the other side of the street. He did this in the performance of his duty to watch both sides of the street."

Further citations seem unnecessary. In the case at bar, the motorman was looking down the street in the course his car would take, and we do not think the circumstances such as to indicate a want of reasonable or ordinary care that he did not see plaintiff before he started the car. We think the evidence clearly preponderates in favor of defendants. The judgment will, therefore, be reversed with a finding of fact that defendants were not guilty of the negligence charged.

*Reversed with a finding of fact.*

GRIDLEY and MATCHETT, JJ., concur.

Finding of fact. We find that appellants Chicago City Railway Company and Chicago Railways Company, corporations, were not guilty of negligence in driving or operating the car in question so as to strike plaintiff, or in not sounding a gong or otherwise notifying plaintiff of the approach of said car, as charged in the declaration.