## Kent v. Pittsburgh Railways Company.

*Negligence — Contributory negligence — Grade crossing — Warning of approaching car—Speed—Fog—Questions for jury—New trial.*

1. In an action to recover against a street railway company for personal injuries and damages to an automobile, evidence that upon a foggy morning the car of the defendant company approached the grade crossing where the accident happened without whistle or warning signal, at such a rate of speed as to carry it 150 feet after the brakes were applied, is sufficient to take the case to the jury upon the question of the defendant's negligence.

2. The fact that the track approaching the crossing where the accident happened was straight for a considerable distance, and that the plaintiff was struck almost as soon as he had gotten upon the track, is not sufficient to establish the contributory negligence of the plaintiff, as matter of law, in the face of evidence that plaintiff could not see because of the fog, and that he kept listening and looking for a car. This question, also, under such circumstances, was properly for the jury to decide.

3. In the absence of any indication that the jury failed to properly exercise its discretion through ignorance, bias, sympathy, prejudice or other improper cause, the court cannot set aside its verdict.

Motion for judgment *n. o. v.* and for new trial. C. P. Washington Co., Aug. T., 1921, No. 263.

*Alex. M. Templeton* and *A. Kirk Wrenshall,* for plaintiff.

*John H. Murdoch & Sons,* for defendant.

2 D. & C.

Kent v. Pittsburgh Railways Company.

CUMMINS, J., July 3, 1922.—The plaintiff, while driving his truck, on a foggy morning, over the track of defendant company, at a grade crossing, collided with one of its street cars, as a result of which collision plaintiff received personal injuries and his truck was destroyed, to recover for which damage plaintiff brought his action of trespass, alleging negligence on the part of the defendant company, and, upon trial, a verdict was rendered for plaintiff in the sum of $1153.59.

The case is now before the court upon motions for judgment n. o. v. and for a new trial.

The former motion raises two questions: First, whether plaintiff produced sufficient evidence to be submitted to the jury of defendant's negligence; and, second, whether plaintiff's own case disclosed contributory negligence on the part of plaintiff.

Plaintiff alleged, and produced evidence to prove, that defendant company failed to give proper warning of the approach of its car, so that a traveler by vehicle on the public highway, approaching the crossing, would not be enabled to protect himself by avoiding the oncoming car. Plaintiff himself testified that he was listening for, but heard no whistle or warning given until he was already upon the track, and when it was too late to save himself, and a passenger on the car, one Seaman, testified to the effect that no warning was given until the car was within a distance of from twenty to sixty feet of the crossing and just before the collision.

Plaintiff also alleged that defendant company, under all the circumstances, was, at the time of the collision, operating its car at an excessive rate of speed and without having it under proper control. To establish this allegation, there was the evidence of the plaintiff that, when he first saw the car, he was on the track and that the car was from thirty to sixty feet distant, and that before his truck had moved a foot (traveling at the rate of from five to eight miles per hour) the collision had occurred. Seaman, the passenger on the car, also testified that, just before the collision, the motorman threw off the power, applied the brakes and stepped back, and that the car traveled 150 feet after striking the truck before it same to a stop. Flannagan, the motorman, himself testified that the car traveled 150 feet after the brakes had been applied; and Johnson, one of the other witnesses for the defendant, testified that the car ran something like 100 feet after the brakes were applied. This was evidence of the speed of the car: Lorah v. Rinehart, 243 Pa. 231; Fleishman v. Railroad Co., 174 Pa. 510. Seaman also testified that, just before the collision, the handle on the control for putting on the power was on "pretty near full;" and Bertha Vernon, a witness for the defendant, testified that "the car was coming at a great rate of speed." It was conceded that the morning was foggy. As to this, plaintiff testified that it was "very foggy," "couldn't see far;" Flannagan, the motorman, that "it was foggy," and other witnesses for the defendant testified—Johnson, that "the motorman was blowing his whistle . . . on account of the fog;" Zook, that "there was some fog;" Bernice Kerns, that "there was a foggy and heavy morning;" Bertha Vernon, that "it was foggy, very foggy; you could hardly see the street car track, and our distance (from her house to the track, twenty-five or thirty feet) wasn't great." "You couldn't see thirty feet that morning?" "No, sir."

With this testimony in the case the court could not have held that there was no sufficient evidence to submit to the jury on the question of defendant's negligence. It logically follows, therefore, that defendant was not entitled to

binding instructions, and for that reason would not be entitled to judgment n. o. v.: Duffy v. Power Co., 233 Pa. 107.

The second reason advanced by defendant for judgment n. o. v. was that the track approaching the crossing was straight for a considerable distance, that the plaintiff's truck was struck almost as soon as it had gotten upon the track, and that the plaintiff was, therefore, as a matter of law, guilty of contributory negligence. Had it not been a foggy morning, this position undoubtedly would have been sound. But what difference could it make whether the approach was straight or by a sharp curve, if the car's approach was concealed by a fog? Whether the car's approach was concealed by a bank of earth or a bank of fog could make no practical difference. It was a question for the jury whether the car's approach was obstructed by the fog, and whether, under the circumstances as found by the jury, the street car was operated at an excessive speed and without being under proper control: Bard v. Railroad Co., 199 Pa. 94; Doud v. Railroad Co., 203 Pa. 227; Cromley v. Pennsylvania R. R. Co., 208 Pa. 445; Shoemaker v. P., B. & W. R. R. Co., 9 Del. Co. Reps. 305; Kuntz v. N. Y. C. & St. L. R. R. Co., 206 Pa. 162. Plaintiff testified that he kept listening and looking for a car, and that just before he started to cross he looked up and then down the track. He could not look both ways at the same time. The question of his contributory negligence was clearly for the jury.

As to the motion for a new trial, it was contended that the verdict was against the weight of the evidence. It is the function of the jury to exercise its discretion and judgment in passing upon the credibility of witnesses and in determining the weight to be given to the testimony; while it is the function of the court in this regard to determine, not whether the jury, in exercising its judgment and discretion, arrived at the proper conclusion, but whether there was a proper exercise of its discretion in arriving at such conclusion. Was there a proper functioning of the jury in arriving at its verdict? The court must not substitute its judgment for that of the jury, for to do so would be for the court to usurp its functions and in effect, at least, to deprive one of the parties of his constitutional right of trial by jury. The court is, as it were, a sort of umpire to see that the jury properly functions, but must not participate in, or interfere with, its proper functioning, much less disturb the result obtained by it, if arrived at in a proper manner. Did the jury, through ignorance, bias, sympathy, prejudice or other improper cause, fail to properly exercise its discretion in passing upon the credibility of the witnesses or the weight of the testimony, so that the verdict, thus obtained, was not the result of a proper functioning of that body? If so, then a new trial should be awarded. After a very careful consideration of all the testimony in this case, the court fails to find any legal cause which would justify it in setting aside the verdict of the jury. Whether the defendant company was, under the circumstances, operating its car at an excessive rate of speed and without having it under proper control, and whether it gave the proper warning, were questions for the jury; likewise the question of contributory negligence. There was sufficient evidence to support the verdict.

### Decree.

And now, to wit, July 3, 1922, this case came on to be heard and was argued upon motion for judgment n. o. v. and upon motion for a new trial, whereupon, upon consideration thereof and for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed that said motion for judgment n. o. v. and for a new trial, respectively, be refused.

From Harry D. Hamilton, Washington, Pa.