## Crone et al., Appellants, *v.* Harrisburg Railways Co.

*Negligence — Street railways — Darting out cases — Infant — Pedestrian — Crossing — Speed — Signal—Evidence—Province of court and jury—Proximate cause.*

1. In an action against a street railway company for damages for injuries to an infant at a crossing, no recovery can be had where the evidence shows that the child darted out from a point five feet from the first rail where she was struck, that the motorman's view was obstructed by a car on the other track, and that the car was stopped within five or ten feet of the accident.

2. In such case, the failure to give a signal by ringing a bell, or undue speed, or otherwise, was not a proximate cause of the accident.

Argued May 21, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 1 and 2, May T., 1928, by plaintiffs, from judgment of C. P. Dauphin Co., Sept. T., 1921, No. 464, for defendant n. o. v., in case of Mildred Eleanor Crone, a minor, by her father and next friend Charles Crone and Charles Crone, in his own right, v. Harrisburg Railways Co. Affirmed.

Trespass for injuries to minor child. Before Fox, J.

Verdicts for plaintiffs, on which judgments were entered for defendant n. o. v. Plaintiffs appealed.

*Errors assigned,* inter alia, were judgments for defendant n. o. v., quoting record.

. *Charles C. Stroh,* of *Stroh & McCarrell,* for appellants.

*Arthur H. Hull,* with him *George F. Lumb* and *E. E. Beidleman,* for appellee.

OPINION BY MR. JUSTICE SADLER, June 30, 1928:

Mildred Eleanor Crone, a child of six, was struck by a car of the Harrisburg Railways Company on September 26, 1921, at the intersection of Second and Boas Streets in the City of Harrisburg. Her arm was so severely injured as to make its amputation necessary. An action was brought on her behalf, and for the father, to recover damages sustained. Subject to the determination of certain reserved points, the case was submitted to a jury, and a verdict rendered for both plaintiffs. Judgment was later entered for defendant, and these appeals followed.

A description of the locus in quo is necessary to a proper understanding of the questions involved. Second Street is occupied by two parallel tracks of the railway company, running north and south. Boas Street, sixty feet wide, intersects it at right angles. The infant plaintiff, accompanied by her nine-year-old brother, had entered a southbound car on the western side of Second Street and ridden to Boas, where they alighted on the near side of the crossing. Both went to the northwest corner and stood there awaiting the movement onward of the trolley on which they had traveled, it being their intention to then go over to the eastern side of the highway. Two other cars were following, on the same track, the one from which they had descended. The first of these advanced to the intersection, stopped, and started forward again. Immediately the child began to run to the east across Second Street, passing to the rear of the moving southbound car, followed by her companion, who made an unsuccessful attempt to catch and stop her. It was five feet from the southbound track to the first rail

of the northbound one, and the moment this short space was traversed, after coming from the rear of the passing trolley, she was hit by the left side of the fender of a car advancing on the northbound track across the intersecting Boas Street. When the child appeared from the back of the southbound car, the brakes on the one with which she collided were promptly applied, and the car stopped within five or ten feet, but too late to prevent striking her, and she was thrown down by the impact and injured.

The plaintiff's statement averred that the northbound car was "operated in a careless and negligent manner, at a high and dangerous rate of speed, with a disregard for the rights of all persons using said two highways at their said intersection, and giving no warning by gong or other alarm of its approach." No evidence was offered indicating an excessive rate of movement of the northbound car. The fact that it was stopped within not more than ten feet in itself negatives such an averment (Schuchalter v. P. R. T. Co., 288 Pa. 189), and negligence in this regard was not insisted upon below or here.

It is claimed, however, that the failure to sound a gong, or give other warning of approach, showed such lack of due care as justified a recovery. The proof of this fact rested on the testimony of the young brother of the injured girl, who said that he heard no signal, though he was listening. It will be remembered that he was at the time engaged in pursuing his sister, who had started to run behind the southbound car to the east. There was evidence that he was mistaken in his recollection, from both employees of the defendant and disinterested witnesses. Assuming his statement justified a finding that no gong was sounded, it will be noted this question was submitted to the jury, with the additional query as to whether the motorman had been duly observant of surrounding conditions, and should have seen the child had he been looking. It rendered a verdict,—not

limiting its finding to one for the plaintiffs and fixing the damages,—but stated its conclusion as to fact, which was based on the second averment of negligence only, using these words: "The motorman did not give proper observation to persons desiring to cross the street after leaving cars moving south on Second Street."

Even if there was a failure to give a signal by ringing a bell or otherwise, it could not be said, under the circumstances here presented, to have contributed in any way to the accident, and to have constituted actionable negligence. The same conclusion has been reached under like facts in many cases, where the evidence was conflicting as to the speed at which the vehicle, causing the injury to an infant approaching as did this child, was moving: P. & R. R. Co. v. Spearin, 47 Pa. 300; Funk v. Electric Co., 175 Pa. 559; Moss v. Traction Co., 180 Pa. 389; Gould v. Traction Co., 190 Pa. 198; Eastburn v. United States Express Co., 225 Pa. 33. Or there was a failure to sound a gong, as here alleged: Kline v. Traction Co., 181 Pa. 276. Though one of plaintiff's age is not chargeable with contributory negligence, yet there can be no recovery for injury sustained by such person, unless it be shown that the lack of care charged to the defendant was a cause contributing to the harm done: Fleishman v. Neversink R. R. Co., 174 Pa. 510; Keller v. P. & R. Ry. Co., 214 Pa. 82. In the present case, there was no evidence which would justify such a finding.

It is urged that, though this be so, yet the evidence disclosed that the motorman could have foreseen and anticipated and guarded against the danger had he been observant, as was his duty. To support this contention, the testimony of two witnesses, Rubin and Snavely, both passengers on the northbound car, is depended on. The first named said he saw the little girl about five feet from the corner, that she started to run across the street, and "then the motorman applied the brakes and stopped the car in four or five feet." The only fair interpretation of this statement is that the brakes were set the

moment the child came in sight, which accords with all of the other testimony. Snavely saw the children coming from the west side, but his observation was made when the car "had just got across Boas Street." This does not contradict the motorman, who testified to first observing the child when it darted from the rear of the car on the parallel track, after he had crossed the intersection, and he is presumed to have been looking ahead, and performing his duty: Keller v. P. & R. Ry. Co., supra.

The testimony is undisputed that the plaintiff was struck just as she reached the first rail on the northbound track, after coming from the back of the car going south,—which necessarily obstructed the view of the motorman from his position in the oncoming trolley,—and at which moment he could first observe her. There was no testimony that the child was at the rail for any appreciable time before being struck, and the operator had no notice that she was in danger until about to dart in front of his car, which was then not more than five feet away. It is not suggested that it could then have been stopped to avoid the accident. The sudden action of the child could not have been anticipated in time to prevent the injury, and, in the absence of proof showing failure to exercise reasonable care, the defendant cannot be held responsible: Ollis v. P. R. T. Co., 244 Pa. 355; Severino v. P. R. T. Co., 236 Pa. 258. The learned court below properly so held, and the assignments of error must be overruled. This conclusion makes it unnecessary to consider the question of the sufficiency of the proof of damages to sustain the verdict rendered for the father.

The judgments are affirmed.