FRED BRINDLEY, Jr., RESPONDENT, v. JOHN L. BROOK ET AL., APPELLANTS.

Submitted January term, 1932—Decided April 28, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellants, *James J. McGoogan.*

For the respondent, *Ellis L. Pierson.*

PER CURIAM.

Plaintiff below brought suit to recover commissions as a broker employed to effect a sale or exchange of the defendants' house and lot. The employment was a verbal one, and the plaintiff procured a contract to be entered into between the defendants and the Pavonia Holding Corporation, whereby the latter agreed to convey to the defendants a certain property in Trenton and the defendants agreed to convey their house and lot to the Pavonia Corporation.

The contract contained a provision that the defendants would "pay to Fred Brindley, Jr., the agent [the plaintiff], a commission of three and one-half per cent. of the sale price aforesaid, said commission to be paid in consideration of services rendered."

For the purposes of the contract the defendants' house and lot were valued at $16,000. In the action the plaintiff obtained judgment for $500 (the excess being waived), and the defendants appeal.

The grounds urged for reversal are that the plaintiff failed to produce in the Pavonia Corporation a seller ready, willing and able to sell its own property or a like ability to purchase the property of the defendants.

Unfortunately for this contention the contract of employment contemplated that the agent should produce a purchaser able and willing to purchase on the owner's terms or to produce a purchaser acceptable to the owner. The plaintiff did the latter. Whether the purchaser so procured was able ultimately to comply with the terms of the agreement entered into between the principals was of no concern of the broker, provided there was good faith on his part in procuring such purchaser.

The latest statement of the rule in such cases is to be found in *Ganley* v. *Kalikman,* 105 *N. J. L.* 311; 143 *Atl. Rep.* 108; *affirmed,* 106 *N. J. L.* 237; 148 *Atl. Rep.* 917, to the effect that a broker "earns his commission when he finds a purchaser able and willing to comply with the terms specified in the authority given, or when he finds a purchaser who agrees to purchase on terms satisfactory to the owner." By contracting with the Pavonia Corporation the defendants accepted as satisfactory both the purchaser and the terms of the sale. When in the contract they agreed to pay the plaintiff for his services they created an obligation from which they could not recede.

The judgment is affirmed, with costs.